**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE TIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER LLC and RB HEALTH (US) LLC,<br><br>Defendant. | Case No. 1:25-cv-12192 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER UNDER THE FIRST-FILED RULE AND 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS


I. FACTUAL AND PROCEDURAL BACKGROUND .................................................. 1

A. The *Williams* Action .................................................. 1

B. The *Timmons* Action .................................................. 2

II. ARGUMENT .................................................. 3

A. The *Williams* and *Timmons* actions are fundamentally different, and the first-to-file rule therefore does not apply .................................................. 3

B. Transfer under § 1404(a) is impermissible, unduly prejudicial to Plaintiff, and would not be in the interest of justice .................................................. 5

1. Defendants' argument that venue is improper in this district necessarily defeats the Motion .................................................. 5

2. Venue is improper in the Southern District of Florida .................................................. 6

3. The Court should not deny Plaintiff her choice of forum .................................................. 7

III. CONCLUSION .................................................. 11

# TABLE OF AUTHORITIES

Cases

*Adlife Mktg. & Commun. Co., Inc. v. Fareway Stores, Inc.*,
No. 417CV04254SLDJEH, 2018 WL 5629734 (C.D. Ill. Apr. 26, 2018) ........ 6, 8
*Anchor Wall Sys., Inc. v. R&D Concrete Products, Inc.*,
55 F. Supp. 2d 871 (N.D. Ill. 1999) ........ 10
*Askin v. Quaker Oats Co.*,
No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012) ........ 3
*Avery v. State Farm Mut. Automobile Ins. Co.*,
835 N.E.2d 801 (Ill. 2005) ........ 9-10
*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) ........ 9
*Event News Network v. Thill*,
2005 WL 2978711 (N.D. Ill. Nov. 2, 2005) ........ 7
*Gueorguiev v. Max Rave, LLC*,
526 F. Supp. 2d 853 (N.D. Ill. 2007) ........ 5-7
*Heaton Cont. Mfg., LLC v. Noble.com, Inc.*,
2021 WL 2188359 (E.D. Wis. May 28, 2021) ........ 8
*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
883 F.2d 1286 (7th Cir. 1989) ........ 5
*Lewis v. Grote Industries, Inc.*,
841 F. Supp. 2d 1049 (N.D. Ill. 2012) ........ 9
*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
809 F. Supp. 2d 857 (N.D. Ill. 2011) ........ 9
*Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*,
626 F.3d 973 (7th Cir. 2010) ........ 3, 8, 10
*Ridge Gold Stand. Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*,
572 F. Supp. 1210 (N.D. Ill. 1983) ........ 3
*Schwarz v. Natl. Van Lines, Inc.*,
317 F. Supp. 2d 829 (N.D. Ill. 2004) ........ 9
*Serlin v. Arthur Andersen & Co.*,
3 F.3d 221 (7th Cir. 1993) ........ 3
*Siegel v. Shell Oil Co.*,
612 F.3d 932 (7th Cir. 2010) ........ 9
*Williams v. State Farm Mut. Automobile Ins. Co.*,
678 F. Supp. 3d 980 (N.D. Ill. 2023) ........ 4

Statutes

28 U.S.C. § 1391 ........ 6-7
28 U.S.C. § 1404(a) ........ passim
815 ILCS 505/1 ........ 3
815 ILCS 505/10a ........ 3

Plaintiff Dominique Timmons ("Plaintiff") hereby responds to Defendants Reckitt Benckiser LLC and RB Health (US) LLC's ("Defendants") Motion to Transfer Under the First-Filed Rule and 28 U.S.C. § 1404(a) ("Motion"). For the following reasons, Defendants' motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Motion requires the Court to compare two pending cases against the same Defendants. As detailed below, these cases do not substantively overlap, and thus, there is no basis for transfer.

### A. The *Williams* Action

On August 26, 2020, David Williams and Caroll Anglade filed a class action complaint against Reckitt Benckiser LLC and RB Health (US) LLC in the Southern District of Florida. *See Williams v. Reckitt Benckiser LLC*, No. 1:20-cv-23564-RS, ECF No. 1 (S.D. Fla.).[1] That complaint alleged that defendants' purported brain health supplements, Neuriva Original and Neuriva Plus, are falsely advertised as being "clinically proven" to improve brain health, *see generally id.*, and sought to represent the following class:

> All persons residing in the state of Florida who purchased Neuriva Original and/or Neuriva Plus for personal use and not for resale.

*Id.* ¶ 125.

After a series of motions to dismiss and amended complaints, on February 8, 2021, the parties in the *Williams* action reached a nationwide class action settlement and sought approval under Rule 23. *Id.* ECF No. 52. The class period of the operative settlement agreement is January 1, 2019, through April 23, 2021. *Id.* ECF No. 178. Following an objection to the settlement and briefing about the lack of adequate injunctive relief required by the settlement agreement,

[1] Two other cases brought by the same counsel as *Williams* were stayed pending the outcome of *Williams*. *Matthews v. Reckitt Benckiser LLC*, No. 1:20-cv-00854, ECF No. 1 (E.D. Cal.); *Angeles v. Reckitt Benckiser LLC*, No. 1:20-cv-07138, ECF No. 1 (S.D.N.Y.).

Magistrate Judge Jonathan Goodman recommended final approval, *id.* ECF No. 133, which was adopted by District Judge Macia Cooke on March 17, 2022, *id.* ECF No. 140.

The final approval order was then appealed by an objector, and on August 24, 2023, the Court of Appeals for the Eleventh Circuit vacated and remanded the order, holding that the named plaintiffs lacked standing to pursue injunctive relief because they did not allege that they plan to purchase any of the Neuriva products again in the future. No. 22-11232, ECF No. 66 (11th Cir.). During the pendency of the appeal, District Judge Marcia Cooke died, and the case was reassigned to District Judge Rodney Smith. *Williams*, ECF No. 147.

The parties filed an amended complaint on March 31, 2025, *id.* ECF No. 160, and an amended settlement agreement on June 13, 2025, which contained only monetary relief *id.* ECF No. 169. Currently before that court is Defendants' Memorandum Regarding Class Certification Analysis and Timing in Evaluating the Parties' Nationwide Class Action Settlement. ECF No. 175.

### B. The *Timmons* Action

Plaintiff Dominique Timmons filed the present class action complaint against Defendants on October 6, 2025, alleging that Defendant's purported brain health supplements, Neuriva Original, Neuriva Original Strawberry Gummies, Neuriva Plus, Neuriva Plus Strawberry Gummies, and Neuriva Ultra, are marketed and sold with deceptive and false representations that they can improve brain health and performance. *See generally* ECF No. 1. Plaintiff seeks to represent the following class:

> All consumers who, within the applicable statute of limitations period until the date notice is disseminated, purchased Neuriva Original (capsules or gummies), Neuriva Plus (capsules or gummies) and Neuriva Ultra in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington.

ECF No. 1 ¶ 97. In the alternative, Plaintiff seeks to represent an Illinois-only class. *Id.* The statute of limitations for consumer claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, is three years. 815 ILCS 505/10a(e). The class period of Plaintiff's proposed class therefore begins October 6, 2022, well after the end of the class period in the *Williams* action.

## II. ARGUMENT

### A. The *Williams* and *Timmons* actions are fundamentally different, and the first-to-file rule therefore does not apply

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Defendants assert that transfer under § 1404(a) of this matter to the Southern District of Florida where the *Williams* action has been pending is appropriate here under the "first-to-file rule." However, the Seventh Circuit "does not rigidly adhere to a first-to-file rule." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). The rule is only applied to cases which are "mirror-image[s]" of each other. *Id.*; *see also id.* at 979 (considering whether cases are "identical"); *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *5 (N.D. Ill. Feb. 15, 2012) (applying rule where cases are "duplicative")."District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Stand. Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).

In the class action context, "the similarity of absent class members is typically the focus of the substantial-overlap inquiry." *Williams v. State Farm Mut. Automobile Ins. Co.*, 678 F. Supp. 3d 980, 1000 (N.D. Ill. 2023). Here, there is actually *zero* overlap between the two classes represented in each case. In other words, there is no claim that could be valid under both cases' class definitions.

*Williams* seeks to represent a nationwide (originally Florida-only) class of purchasers of Neuriva Original and Neuriva Plus between January 1, 2019, and April 23, 2021. *Timmons* seeks to represent a multi-state (California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington; or Illinois-only in the alternative) class of purchasers of Neuriva Original (capsules or gummies), Neuriva Plus (capsules or gummies) and Neuriva Ultra between October 6, 2022, and the present.

The most important and glaring difference between these class definitions is that the class periods do not overlap at all. The *Williams* class period ends on April 23, 2021, and the *Timmons* class period begins over a year later on October 6, 2022. Plaintiff Dominique Timmons is therefore not a class member of the *Williams* settlement class. Indeed, there is no way that any single purchase could fall within both class definitions. That these two cases cover two completely separate universes of purchases should be enough to end the inquiry.

But still, the products at issue in each case are also different. The *Williams* action involves discontinued products which are not at issue in the *Timmons* action, including Neuriva De-Stress. Likewise, the *Timmons* action involves newer products which are not at issue in the *Williams* action, including Neuriva Original Strawberry Gummies, Neuriva Plus Strawberry Gummies, and Neuriva Ultra. Therefore, a purchaser of any of these additional products would not be able to

make a claim under the settlement agreement in the *Williams* action, even if the class periods did overlap.

Finally, the underlying theories of the case are entirely different. The *Williams* complaint relies on the Neuriva labeling claim that the products are "clinically proven." *Williams*, ECF No. 160 ¶ 4. As a direct result of the *Williams* action, Neuriva has since changed its labeling and now uses the claim "clinically tested." *Timmons*, ECF No. 1 ¶ 5. The two cases are fundamentally incompatible because *Williams* was based on labeling that no longer exists and not the current language, while *Timmons* is the only case that alleges that the new language is false and deceptive.

The little that the cases have in common—some of the same products and the same defendants—is not enough to overcome the fundamental differences—non-overlapping classes and theories of the case. That *Williams* was the "first filed" is therefore insufficient to warrant a transfer under § 1404(a).

### B. Transfer under § 1404(a) is impermissible, unduly prejudicial to Plaintiff, and would not be in the interest of justice

Not only are the *Williams* and *Timmons* actions not duplicative, but the prejudice to Plaintiff Timmons from transferring her case far outweighs any possible benefits. Defendants have " the burden of showing that 'the transferee forum is clearly more convenient.'" *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). On a motion to transfer under § 1404(a), "[t]he moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007).

#### 1. Defendants' argument that venue is improper in this district necessarily defeats the Motion

Defendants first attempts to argue that venue is improper in this district, which is contradictory to its burden on a § 1404(a) motion to transfer. *Gueorguiev*, 526 F. Supp. 2d at 856 ("The moving party must show that (1) venue is proper in this district; . . ."); *Adlife Mktg. & Commun. Co., Inc. v. Fareway Stores, Inc.*, No. 417CV04254SLDJEH, 2018 WL 5629734, at *1 (C.D. Ill. Apr. 26, 2018) ("In order to transfer under § 1404(a), venue must be proper in both the transferor court and the transferee court."). The proper statute through which to transfer a case for lack of venue is § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Defendants cannot argue on one hand that venue is improper in this district while also moving to transfer the case under § 1404(a). Defendants' own argument necessarily defeats the Motion.

**2. Venue is improper in the Southern District of Florida**

Under § 1404(a), a case may only be transferred to a district where it "might have been brought" originally. Defendants have failed to meet its burden of showing that the Southern District of Florida is an appropriate venue for Plaintiff's claims. Defendants assert that venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(3), which states that venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Defendants fail to acknowledge that, regardless of the Southern District of Florida's relation to Plaintiff Williams's claims against Defendants, the Southern District of Florida has no relation to Plaintiff Timmons's claims, and thus, that court would not have personal jurisdiction over Defendants with respect to Plaintiff Timmons's claims.

Defendants' principal place of business is in New Jersey, Plaintiff Timmons purchased Neuriva at a Walgreens store located in Chicago, Illinois, and was a resident of Illinois when she

made her purchase. Compl. ¶ 85. Defendant has presented no evidence that Plaintiff Timmons's claims have any connection at all to Florida. Defendants attempt to confuse the issues by presenting evidence of Plaintiff's change of residence to Indiana after the lawsuit was filed. But that is irrelevant to whether venue is proper under § 1391(b), which does not consider the residency of the plaintiff, only the residency of the defendants and the location of the events giving rise to the claim. Again, Defendants are based in New Jersey, and the events giving rise to Plaintiff's claims occurred in Illinois. Plaintiff Timmons could never have filed her complaint in the Southern District of Florida under § 1391(b), and thus, transfer under § 1404(a) is not permitted. That is enough to end the inquiry and deny Defendants' motion.

### 3. The Court should not deny Plaintiff her choice of forum

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gueorguiev*, 526 F. Supp. 2d at 857. Every other factor that the Court could consider on a motion to transfer under § 1404(a) weighs against transfer to the Southern District of Florida.

The Court may consider "the convenience of the witnesses" based on "(1) plaintiff's choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums." *Event News Network v. Thill*, 2005 WL 2978711, at *4 (N.D. Ill. Nov. 2, 2005). As previously discussed, Plaintiff chose the Northern District of Illinois, where she received and relied on Defendant's false and deceptive representations about Neuriva, and where she purchased Neuriva. Defendants are headquartered in New Jersey. There are no witnesses or evidence that could conceivably be relevant to Plaintiff Timmons's claims in Florida.

Defendants use the same faulty logic to argue both that Illinois is an improper forum and that Florida is a proper forum for Plaintiff's claims. On one hand, Defendants argues that the connection to Illinois—where Plaintiff purchased Neuriva—is tenuous, and thus, Plaintiff's choice of forum should be disregarded. On the other hand, Defendants argue that its nationwide presence makes Florida an equally, if not better, choice of forum. In arguing for Florida, Defendants argue that "evidence may be easily exchanged electronically no matter where this case is prosecuted," *Heaton Cont. Mfg., LLC v. Noble.com, Inc.*, 2021 WL 2188359, at *4 (E.D. Wis. May 28, 2021), without acknowledging that the same is true for a case in Illinois. Defendants' logic is clearly backwards and self-serving.

That Defendants have already engaged in discovery in the *Williams* action is also wholly irrelevant here. As discussed, the *Williams* action is in the process of settling, its class period ended on April 23, 2021, and its theory of the case relied on representations that Defendants no longer makes. Discovery sought in the *Timmons* action will be substantially different—*i.e.*, it will concern different products with different representations sold during different time periods. And as Defendants acknowledged, there is no convenience gained by going to where discovery was already produced, as it was produced electronically anyway.

"Because convenience for some litigants may be inconvenience for others, courts considering motions to transfer must engage in a 'case-by-case consideration of convenience and fairness' for all parties and potential witnesses." *Adlife*, 2018 WL 5629734, at *1 (quoting *Research Automation*, 626 F.3d at 977). Defendants completely disregard the inconvenience of Plaintiff having to adjudicate her claims in the Southern District of Florida, which has no connection to her or her claims. Plaintiff chose Illinois as her forum and purchased Neuriva in

Illinois.[2] To move this case to Florida would only serve to prejudice Plaintiff, not promote the convenience of either party. On the other hand, Defendants are based in New Jersey, not Florida. For Defendants' witnesses, "[a]ny difference in the inconvenience that results from either forum is negligible, and therefore this factor—normally one of the most important factors in determining the convenience of the proposed transferee venue—does not tilt the convenience scale in either direction." *Schwarz v. Natl. Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004).

Defendants also mischaracterize the law in an attempt to argue that Plaintiff cannot bring an ICFA claim in Illinois. These arguments are unreasonable on their face. Defendant cites *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857 (N.D. Ill. 2011), a case about extraterritoriality of the IUDTPA with regard to competitors' unfair trade practices, to argue that Defendants' conduct must occur "primarily and substantially" in Illinois. That case is entirely inapposite here, a case that involves consumer purchases and deceptive practices that occurred in Illinois and claims under the ICFA. Defendant's reliance on *Lewis v. Grote Industries, Inc.*, 841 F. Supp. 2d 1049, 1053 (N.D. Ill. 2012), is also unpersuasive. That was a patent infringement case brought by a foreign plaintiff with no connection to Illinois against an Indiana company.

"The intent of the Illinois Consumer Fraud and Deceptive Business Practices Act is 'to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)). There is no question that Plaintiff's purchases of Neuriva in Illinois fall within the protections of the ICFA. "[A] fraudulent transaction may be said to take place within a state if the circumstances

[2] Even if the Court were to consider Plaintiff's change of residency to Indiana, as Defendant's declaration states, Plaintiff moved to Hammond, Indiana, which borders Chicago. The Northern District of Illinois is still far more convenient for Plaintiff than the Southern District of Florida.

relating to the transaction occur primarily and substantially within that state." *Avery v. State Farm Mut. Automobile Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005). Defendants attempt to warp this simple concept by arguing that Plaintiff is currently not a resident of Illinois, even though the transaction at issue occurred in Illinois while she was a resident. Defendants can cite no case law indicating that moving to a different state after the subject transaction took place alters the choice of venue under the ICFA.

Defendants again mischaracterize the law to argue that "[s]ales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R&D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999). That case, however, was another patent infringement action in which the plaintiff had no connection to the chosen forum. The most relevant forum to a case involving consumer transactions is undoubtedly where the consumer transaction occurred. *See Avery*, 835 N.E.2d at 853 (the narrowest view of the "situs of a consumer transaction is" the "place of injury or deception").

Finally, "[t]he 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. *Id.* (citations omitted). As already discussed, most of these factors clearly favor Illinois, Plaintiff's chosen forum, the location of the transactions at issue, and the home state of the only claim in the complaint, the ICFA; and not Florida, where the only connection is that Defendant is a party to an action brought by a different plaintiff with essentially

zero overlapping individual or class issues. Defendants' arguments about judicial economy and speediness are also perplexing, considering that Defendants seek to coordinate with a case that has been pending in the Southern District of Florida for nearly six years and awaiting a ruling on their amended settlement agreement for six months.

Plaintiff believes that the Northern District of Illinois is the appropriate forum for her case, and she would be unduly prejudiced by her case being transferred to the Southern District of Florida. Not only is transfer under § 1404(a) impermissible under these circumstances, but all other factors to be considered under such a motion weigh against transfer.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer should be denied.

Dated: February 4, 2026

Respectfully submitted,

*/s/ Charles E. Schaffer*

Charles E. Schaffer, Esq.
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut St., Suite 500
Philadelphia, PA 19106
(215) 592-1500
cschaffer@lfsblaw.com

Steven A. Hart, Esq.
Stewart M. Weltman, Esq.
**HART MCLAUGHLIN & ELDRIDGE**
One South Dearborn, Suite 1400
Chicago, IL 60603
(312) 955-0545
shart@hmelegal.com
sweltman@hmelegal.com

Charles LaDuca, Esq.
Brendan S. Thompson, Esq.
**CUNEO GILBERT FLANNERY & LADUCA, LLP**

2445 M Street, N.W., Suite 740
Washington, D.C. 20037
(202) 789-3960
www.cuneolaw.com

Michael McShane, Esq.
**AUDET & PARTNERS LLP**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
(415) 568-2555
mmcshane@audetlaw.com

*Attorneys for Plaintiff Dominique Timmons*