**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOMINIQUE TIMMONS, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 25-cv-12192 |
| v. | ) | Judge Andrea R. Wood |
| RECKITT BENCKISER LLC, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to transfer case under the first-filed rule and 28 U.S.C. § 1404(a) [20] is denied. See the accompanying Statement for details.

**STATEMENT**

Defendants Reckitt Benckiser and RB Health (US) LLC manufacture and sell products under the brand name Neuriva that they advertise as brain-health supplements. On the front label of each Neuriva product, Defendants represent that the product's two main active ingredients, soy-derived phosphatidylserine and coffee cherry extract, enhance the user's memory, focus, concentration, learning, and accuracy. Plaintiff Dominique Timmons purchased a Neuriva product based on Defendants' representations regarding its brain-health benefits. However, Timmons alleges that those representations were deceptive, as studies have revealed that none of Defendants' Neuriva products provide any statistically significant improvement in brain health and performance. For that reason, she brought the present action on behalf of herself and a putative class, asserting a single claim against Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* Defendants now ask the Court to transfer this case to the United States District Court for the Southern District of Florida pursuant to the first-to-file rule and 28 U.S.C. § 1404(a). (Dkt. No. 20.)

According to Defendants, Timmons's ICFA claim is substantially identical to the claims raised in *Williams v. Reckitt Benckiser LLC*, No. 1:20-cv-23564 (S.D. Fla.), which is a nationwide class action filed in the Southern District of Florida back in 2020 and is awaiting the district court's approval of an amended class action settlement agreement. *Williams* was brought against the same Defendants as here and involves a similar challenge to Defendants' purported misrepresentations regarding the brain-health benefits of Neuriva-brand products. Given its overlap with the earlier-filed *Williams*, Defendants invoke the first-to-file rule and request that the Court transfer this case to the Southern District of Florida, where it can be consolidated or coordinated with *Williams*.

The first-to-file rule "reflects courts' 'inherent power to administer their dockets so as to conserve scarce judicial resources' and grants courts 'an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.'" *Setna IO, LLC v. Greenwood Motor Lines, Inc.*, 819 F. Supp. 3d 840, 844 (N.D. Ill. 2026) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)). However, the Seventh Circuit "does not rigidly adhere to a 'first-to-file' rule." *Trippe*, 46 F.3d at 629. Instead, it has explained "that where a district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should do no more than consider the order in which the suits were filed among the factors it evaluates under 28 U.S.C. § 1404(a)." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010). Thus, the Court turns to consider whether transfer is appropriate under § 1404(a).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As made clear by the statute's plain language, "[t]ransfer pursuant to § 1404(a) is appropriate only when the transferee forum is one where the action 'might have been brought.'" *Bull v. Ill. Union Ins. Co.*, No. 16 C 11446, 2017 WL 3234374, at *3 (N.D. Ill. July 31, 2017) (quoting 28 U.S.C. § 1404(a)). Put differently, venue must be proper in the transferee district in the first instance. *Id.* Typically, venue will be proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

According to Defendants, venue is proper in the Southern District of Florida because they are already subject to personal jurisdiction in that District by virtue of the ongoing *Williams* action. In trying to establish venue in the Southern District of Florida based on personal jurisdiction, Defendants erroneously invoke § 1391(b)(3), which only comes into play if venue cannot be established under either § 1391(b)(1) or (2). *See, e.g.*, *Huster v. j2 Glob. Commc'ns, Inc.*, No. 13 C 6143, 2014 WL 4699675, at *3 (N.D. Ill. Sept. 19, 2014) ("[T]he court must consider whether there is another district in which an action may be brought consistent with either section 1391(b)(1) or (2). If there is, the 'fallback' provision in section 1391(b)(3) cannot be used as a basis for venue in this district."). Nonetheless, the existence of personal jurisdiction remains relevant as to the existence of venue based on residency since, as suable entities, each Defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). However, that Defendants are subject to the Southern District of Florida district court's personal

jurisdiction in the *Williams* action does not speak to whether they are subject to personal jurisdiction in that District "with respect to the civil action in question"—*i.e.*, this action.

To determine whether a district court in the Southern District of Florida could assert personal jurisdiction over this litigation, Defendants must have as to Timmons's ICFA claim sufficient "minimum contacts with [Florida] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Personal jurisdiction can be general or specific. "A defendant is subject to general jurisdiction when it has 'continuous and systematic general business contacts' with the forum state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). In such a case, the defendant "can be sued in the forum state for any cause of action arising in any place." *Id.* However, the standard for general jurisdiction is demanding and "requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *Id.* at 426. Typically, a corporation is subject to general jurisdiction in its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, each Defendant is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 86, Dkt. No. 1.) There is no basis to conclude that either is subject to general jurisdiction in Florida.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Thus, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). The Court may exercise specific jurisdiction where "(1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.*

Here, Timmons is the only named Plaintiff and her injury arises out of her purchase of Defendants' Neuriva product in Illinois. (Compl. ¶ 85.) Because Defendants have no contacts with Florida related to this litigation, a Florida district court cannot exercise personal jurisdiction over this litigation. *See Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *4 (N.D. Ill. Jan. 4, 2017) ("The alleged activities giving rise to [the plaintiff's] claim in this case—Defendant's marketing and sale of its product and [the plaintiff's] purchase of the product—took place in Illinois. As a result, it is unlikely that there would be a sufficient link between the 'forum and the underlying controversy' to allow the Central District of California to exercise specific jurisdiction over Defendant in a suit brought by [the plaintiff]." (quoting *Goodyear*, 564 U.S. at 919)). That Timmons's proposed class includes citizens of Florida makes no difference. *Id.* ("[F]or the determination of specific personal jurisdiction in a class action, it is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification." (internal quotation marks omitted)). And while Defendants, "who [are] now seeking transfer" of the case to the Southern District of Florida "would surely consent to

personal jurisdiction there, . . . the Supreme Court has determined that a defendant's subsequent consent to jurisdiction is irrelevant to the question of 'where the case might have been brought' initially." *Id.* (quoting *Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960)).

Because the Southern District of Florida would not have personal jurisdiction over Defendants with respect to Timmons's claims, Defendants cannot be considered to reside in that District for purposes of the venue analysis. Similarly, Defendants' dearth of Florida contacts with respect to this action precludes Defendants from establishing venue in the Southern District Florida based on a substantial part of the activities giving rise to Timmons's claim having occurred there. Indeed, Defendants do not identify any events or omissions that occurred in the Southern District of Florida.

In sum, Defendants have failed to establish that the Southern District of Florida is a venue in which Timmons "might have brought" her case initially. For that reason alone, the Court cannot transfer this action to that venue under § 1404(a). Accordingly, Defendants' motion to transfer venue is denied.[1]

Dated: July 13, 2026

Andrea R. Wood
United States District Judge

[1] In a footnote in their reply brief, Defendants note that, even if transfer under § 1404(a) is unwarranted, this Court has the authority to stay this action pending resolution of *Williams*. *Aliano*, 2017 WL 56638, at *2 ("The first-to-file rule permits district courts to stay or transfer a federal suit for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court."). However, the amended class action settlement agreement in *Williams* has been awaiting approval from the district court for a year with no indication that a resolution is imminent. Given the uncertainty as to when *Williams* will finally be resolved, the Court finds, at least for now, that a stay risks unnecessarily delaying this matter.