**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE TIMMONS individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER LLC AND RB HEALTH (US) LLC,<br><br>Defendants. | Case No. 1:25-cv-12192<br><br>Honorable Andrea R. Wood |

**DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Reckitt Benckiser LLC and RB Health (US) LLC (collectively, "Reckitt") respectfully move the Court to reconsider its order denying Reckitt's motion for transfer.

## I. INTRODUCTION

This is the latest in a long-running series of class actions asserting virtually identical allegations against Reckitt for allegedly deceptive brain health structure function claims involving Reckitt's dietary supplement Neuriva. Since January 2021, Reckitt has consented to those cases being consolidated in the United States District Court for the Southern District of Florida under the caption *David Williams, et al. v. Reckitt Benckiser LLC and RB Health (US) LLC*, No. 1:20-cv-23564 (S.D. Fla.), at ECF 49. The consolidated cases followed a lengthy and circuitous cross-county route. Ultimately, one case originally filed in Florida was consolidated with cases originally brought against Reckitt by non-Florida class representative plaintiffs in non-Florida courts, including in (1) the Southern District of New York, *see Martiza Angeles v. Reckitt Benckiser LLC*, No. 1:20-cv-07138 (S.D.N.Y.) (plaintiff Angeles resident of New York, New York); (2) the Eastern District of California, *see Matthews v. Reckitt Benckiser LLC,* No. 1:20-cv-00854 (E.D.

Cal.) (plaintiff Matthews resident of Modesto, California); and (3) an additional unfiled action, *see Clark v. Reckitt Benckiser LLC, et al*. (putative plaintiff Clark resident of San Francisco, California). *See Williams*, ECF 169-1 (the "Settlement Agreement"), at Section I.W (identifying underlying *Williams, Matthews, Angeles,* and *Clark* actions). As a result, the *Williams* consolidated case is thus brought in the name of, and on behalf of, both the Florida and non-Florida plaintiffs and a putative nationwide class.

The consolidated case was resolved subject to significant objections and amendments, all of which strengthened a negotiated settlement under which Reckitt agreed to make material changes in its marketing and sale of Neuriva. As is relevant here, the settlement included, among other things, an agreement by Reckitt to "revise all label and marketing references for Neuriva Original, Neuriva Plus, and Neuriva De-Stress (collectively 'Neuriva') from 'clinically proven' to 'clinically *tested*'") (emphasis original)." *See* Settlement Agreement Exhibit B at Exhibit B-3. The settlement was approved by the district court in Florida, accepting the magistrate judge's 108-page Report and Recommendation, *see Williams*, ECF. 133 (R&R) & 140 (order adopting R&R), which thoroughly analyzed the settlement's fairness to a nationwide class of Neuriva purchasers. *See* Settlement Agreement at Section II. Q–S.

Reckitt implemented the labeling and marketing changes even though the settlement and the magistrate judge's Report and Recommendations later were later vacated on other grounds. *Williams v. Reckitt Benckiser LLC,* 65 F.4th 1243 (11th Cir. 2023); *but see* Settlement Agreement at Section II(T) ("In response to the Neuriva Actions and based on the Preliminary Approval order entered on April 23, 2021, and the Final Approval order entered on March 17, 2022, Reckitt changed the labeling and advertising of the Neuriva Products to remove the Challenged Representations. These changes went into effect in early 2022 and have been in effect in the market

for at least two (2) years."). This multi-year procedural ping-pong deepened the Florida federal court's familiarity with the exact same type of claims Plaintiff here brings against Neuriva, The *Williams* consolidated case remains pending today, as the parties await final approval of the proposed revised settlement, which has been submitted to the Court.

Because Plaintiff's claims substantially overlap with those at issue in *Williams* and involve the review and analysis of label changes Reckitt has *already made* to address alleged misrepresentations about Neuriva, Defendants moved to transfer this case to the Southern District of Florida. The Court denied that motion on jurisdictional grounds the Parties did not extensively brief, concluding that a court in the Southern District of Florida would not have had personal jurisdiction over Reckitt at the time this suit was filed. *See* ECF 30, Order on Mot. to Transfer, at 4.

Defendants respectfully submit that the Order contains factual errors that warrant reconsideration. Further, Defendants seek relief from the Court in the interest of judicial economy—namely, to avoid consuming both the Court's and the Parties' resources attendant with parallel litigation in the Northern District of Illinois when all but one other lawsuit[1] arising from Defendants' purported Neuriva label misrepresentations have been consolidated in a single forum. Plaintiff should not be permitted to engage in transparently duplicative litigation when an appropriate forum already exists in which the substance of her claims has been litigated and Reckitt has already consented to personal jurisdiction in that forum for the purpose of adjudicating nationwide claims that mirror those pleaded in the instant lawsuit.

[1] Earlier this year, a pro se plaintiff filed suit in Missouri state court against Defendant Reckitt Benckiser LLC for substantially similar allegations. *See Human v. Reckitt Benckiser LLC*, Case No. 26SL-AC13546 (St. Louis Cty.). Defendant has not yet responded to the complaint.

## II. STANDARD OF REVIEW

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that any order that does not resolve all claims to all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court therefore may, at its discretion, reconsider its ruling on Defendants' motion to transfer. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura,* 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus*., 90 F.3d 1264, 1269 (7th Cir. 1996)). A manifest error of law or fact under this standard occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (cleaned up).

## III. ARGUMENT

The Court denied Defendants' motion to transfer on the basis that the proposed transferee court in the Southern District of Florida was an improper venue based largely on *Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960) (cited in *Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *4 (N.D. Ill. Jan. 4, 2017)). *See* Order at 4. Specifically, the Court rejected Reckitt's argument that the extensive litigation, settlement approval proceedings, and consolidation of multiple non-Florida cases in the Southern District of Florida failed to establish Florida as a proper venue. Absent reconsideration, both the Parties and Court will spend significant time and resources

litigating an essentially duplicative proceeding, while nearly all other cases arising from the same operative facts have been consolidated in a suitable alternative forum.

Although the Parties did not extensively brief *Hoffman*'s applicability, that case is fully distinguishable from the facts here. Critically, the Supreme Court in *Hoffman* did consider a situation where facts *other* than post-filing consent supported jurisdiction. *Hoffman* denied transfer based solely on "the conduct of a defendant after suit has been instituted." *Id.* at 343. But courts have since recognized that transfer can be justified if "factors not present in *Hoffman* have been added." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1149 (5th Cir. 1984), overruled on other grounds by *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987).

Here, unlike in *Hoffman,* the facts supporting that this lawsuit "might have been brought" in the transferee court occurred *well before* this litigation was instituted. Indeed, while Reckitt agrees that an Illinois plaintiff ordinarily could not establish personal jurisdiction over it in Florida for an injury that purportedly occurred in Illinois, a defendant can "waive objection to the absence of personal jurisdiction by giving the plaintiff a 'reasonable expectation' that she 'will defend the suit on the merits.'" *German American Financial Advisors & Trust Co. v. Rigsby*, No. 15-1612, 2015 WL 5579751, at *2 (7th Cir. Sept. 23, 2015). In the instant case, there can be no doubt that Plaintiff had a reasonable expectation that Reckitt would defend the case on the merits in Florida.

***First***, years before Plaintiff filed this lawsuit, Reckitt consented to the *Williams* court's jurisdiction for the purpose of adjudicating substantially similar, nationwide claims brought by named plaintiffs from multiple states, and it continues to submit to its jurisdiction for purposes of settlement. *See* Settlement Agreement at Section XII.

***Second***, the court in the Southern District of Florida, through the parties' proposed

settlement order, has already acknowledged its continuing jurisdiction over Defendants for nationwide class claims substantially similar to those asserted by Plaintiff in this action. *See Williams,* 1:20-cv-23564, ECF 57 at 9 (S.D. Fla. Apr. 23, 2021) (initial settlement order vacated by Eleventh Circuit on other grounds); *see* id.*,* ECF 169-1 at Section XII (as part of the still-pending Settlement Agreement, parties have agreed "The Court shall retain continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement … the Court shall enjoin ***all actions in any jurisdiction*** against the Discharged Parties as is necessary to preserve the Court's jurisdiction.") (emphasis added). Not only did Reckitt consent to the Southern District of Florida's jurisdiction at the time *Williams* was filed, but it again consented to the court's jurisdiction at the time the Settlement Agreement was reached.

***Third****,* Reckitt did not engage in a post-filing effort to manufacture jurisdiction and did not, as was argued in *Hoffman*, "move their residence" or "begin the transaction of business in" Florida after the fact. *See Hoffman*, 363 U.S. at 342.

***Finally,*** although judicial economy is not a consideration in the Court's jurisdictional analysis, continuing litigation in this forum would needlessly consume the parties' and judicial resources. *See Freed v. J.P. Morgan Chase Bank, N.A*., 756 F.3d 1013, 1022 (7th Cir. 2014) (two courts "oversee[ing] similar proceedings . . . duplicat[es] the amount of judicial resources required to reach a resolution," "cause[s] wasteful litigation, [and] hinder[s] judicial economy").

Additionally, while Reckitt disputes that Plaintiff's amended complaint properly seeks to apply Illinois law nationwide, Plaintiff's complaint, which serves as the test for jurisdiction, alleges injuries occurring in Florida by virtue of purporting to suing on behalf of a *nationwide* class, including Floridians. Am. Compl., ECF 38 at 23 (asking the Court to "enter an order certifying this action as a class action . . . as a nationwide class."). Plaintiff does not exclude

Floridians or Florida-based purchasers from her proposed class, so Plaintiff cannot seriously argue that she would be prejudiced by a transfer to Florida.

These specific facts, taken together, show that Defendants consented to having the Southern District of Florida adjudicate Plaintiff's claims (including any putative class claims) *before* this lawsuit began. *See Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012) Accordingly, while the Court properly considered the statutory text of 28 U.S.C. § 1404(a) (permitting transfer to another district where the action "might have been brought"), it did not consider that Reckitt, prior to the commencement of this action, through the *Williams* settlement agreement and the attendant extensive litigation, had consented to jurisdiction in the Southern District of Florida for the allegations stated in *this case, which asserts virtually identical challenges to structure function claims about Neuriva.* Unlike in *Hoffman,* where no existing proceedings were underway in the transferee court, these proceedings, coupled with the consent inherent in the motion to transfer, fully support the transfer of this case.

As such, Defendants respectfully request that the Court reconsider its order denying their motion to transfer based on the conclusion that Defendants' post filing consent alone could not establish jurisdiction in the transferee court. That conclusion is unsupported by the record before this Court, the *Williams* court, and governing law.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Enter an order directing the Clerk of Court to vacate its Order and to transfer this case to the United States District Court for the Southern District of Florida as part of *Williams v. Reckitt Benckiser LLC*, No. 1:20-cv-23564 (S.D. Fla.);
2. In the alternative, certify to the United States Court of Appeals for the Seventh Circuit an interlocutory appeal of the denial of their transfer motion based on *Hoffman's* applicability

here;

3. Continue Defendants' deadline to respond to Plaintiff's First Amended Complaint; and

4. Maintain the Court's current stay of discovery.

Dated: August 19, 2026

By: __*/s/ Kathleen A. Stetsko*______________

**ASHURST PERKINS COIE US LLP**

Kathleen A. Stetsko, Bar No. 6297704
Spencer Gottlieb, Bar No. 6340380
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 324-8400
kate.stetsko@ashurstperkins.com
spencer.gottlieb@ashurstperkins.com

David T. Biderman, *Pro Hac Vice*
Carrie Akinaka, *Pro Hac Vice*
Micaela Snashall, Bar No. 6339703
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
(310) 788-9900
david.biderman@ashurstperkins.com
carrie.akinaka@ashurstperkins.com
micaela.snashall@ashurstperkins.com

*Attorneys for Defendants*
*Reckitt Benckiser LLC and RB Health (US) LLC*